**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CR-00224-KDB**

| | |
|---|---|
| **STATE OF NORTH CAROLINA,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **JOHN RODRIGUEZ CLARK,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on pro se Defendant's Notice of Removal (Doc. No. 1) for North Carolina state criminal case 24CR017068-590. The Court has carefully considered this Notice and its associated exhibits. For the reasons discussed below, the Court will **REMAND** the case to state court.

## I.     FACTS AND PROCEDURAL HISTORY

Defendant alleges that in April 2024, he was falsely arrested for breaking and entering into his own home, which the police believed did not belong to him. Doc. Nos. 1 at 2; 1-3 at 2. He seeks to remove this criminal case, North Carolina v. Clark, Case No. 24CR017068-590,

Mecklenburg County District Court, under 28 U.S.C. § 1441,[1] asserting twenty unique "claims,"[2]

which he states are his grounds for removal. They are:

1.  Violation of the False Claims Act
2.  Whistleblower Retaliation
3.  Violation of Due Process
4.  Violation of Right to a Fair Trial (alleged twice)
5.  False Arrest
6.  Malicious Prosecution
7.  Violation of the Fair Housing Act
8.  Illegal Sale and Transfer of Property
9.  Homeowners Protection Act
10. Illegal Transfer of Property through Forgery and Impersonation
11. Illegal Foreclosure
12. Invasion of Privacy
13. Residential Mortgage Fraud Act
14. Illegal Property Flipping
15. False Imprisonment
16. Uniform Fraudulent Transfer Act
17. Uniform Sales Practice Act
18. Deed Fraud
19. Abuse of Process
20. False Advertisement

Doc. No. 1 at 1-2.

## II. LEGAL STANDARD

---

[1] To the extent that Defendant seeks to remove the case under 28 U.S.C. § 1441, which provides that federal district courts are courts of limited jurisdiction but possess, *inter alia*, original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," that statute is not applicable to state criminal cases. Thus, a state *criminal* case may not be removed under § 1441. However, even if the case was removable under § 1441, Defendant has failed to properly allege federal question jurisdiction under 28 U.S.C. § 1331. Defendant simply lists the names of several federal statutes among his twenty "claims." He fails, however, to allege how any of the federal statutes listed were violated, which provision or provisions were violated, or how the state of North Carolina or anyone else violated them. Thus, no federal question has been sufficiently alleged.

[2] It is unclear whether the Defendant is seeking to assert affirmative defenses to the criminal case he is attempting to remove, or if he is seeking to make new civil claims. Because they are tied to the notice of removal, they will be treated as affirmative defenses, and are thus irrelevant to Defendant's removal attempt. If they are indeed new civil claims, Defendant must file a civil case in the appropriate court to assert those claims.

2

There are limited circumstances under which "a state criminal prosecution may be removed to federal district court." *North Carolina v. Ledgester*, No. 4:11-MJ-1082-DAN, 2011 WL 2559792, at *1 (E.D.N.C. June 28, 2011). *See* 28 U.S.C. §§ 1442, 1442a, or 1443. Under 28 U.S.C. § 1442, a federal officer, agency, or person assisting a federal officer in the performance of their duties may remove a criminal prosecution from state court if that prosecution is based on "an act done under color of his office." 28 U.S.C § 1442(a)(1). Similarly, under 28 U.S.C. § 1442a, members of the armed forces can remove criminal prosecutions brought against them in state courts "on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law or war."

Finally, under 28 U.S.C. § 1443, any defendant can remove a state criminal prosecution to federal court if they are "denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof" or "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2). To remove a case from state court under 28 U.S.C. § 1443, the Defendant must demonstrate "(1) that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination and (2) that 'it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (quoting *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966)).

Further, "[t]he burden of establishing factual jurisdiction is on the party seeking removal." *Wilkins v. Corr. Med. Sys.*, 931 F.2d 888, at *1 (4th Cir. 1991) (per curiam) (citing *Pullman Co. v.*

*Jenkins*, 305 U.S. 534, 539-40 (1939). The district court should remand the case if "federal subject matter jurisdiction [is not evident] from the face of the notice of removal and any state court pleadings provided." *Roane v. Donovan*, No. CV 2:14-1211-RMG-BHH, 2014 WL 12675162 (D.S.C. May 30, 2014), *report and recommendation adopted as modified*, No. 2:14-CV-01211-RMG, 2014 WL 12675084, at *3 (D.S.C. June 23, 2014) (citing *Ellenburg v. Spartan Motor Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008). *See also* 28 U.S.C. § 1446.

## III.    DISCUSSION

As described above, 28 U.S.C. §§ 1442, 1442(a), and 1443 govern the removal of criminal actions from state to federal court. Thus, while the pro se Defendant doesn't specifically reference those statutes in his removal petition, the Court must determine if they apply. With respect to § 1442, Defendant presents no facts to show that he is a federal officer or that he assisted a federal officer in the performance of such officer's duties in connection with the actions that are at issue in this case. *See* 28 U.S.C. § 1442. Similarly, the Defendant also fails to allege that he is a member of the armed services as required for removal to be proper under § 1442a. *See* 28 U.S.C. § 1442a. As such, the Defendant has failed to carry his "burden of establishing factual jurisdiction" as the "party seeking removal" under either § 1442 or § 1442a. *Wilkins*, 931 F.2d at *1 (citation omitted). Lastly, regarding § 1443, the Defendant does not allege racial discrimination or claim that he has been or will be "deprived of rights guaranteed by federal laws protecting against racial discrimination." *McCain*, 538 F.2d at 635. He simply alleges removal is necessary "due to the bias cases I had in the past." Doc. No. 1 at 2. As such, the Defendant has failed to present sufficient factual allegations to show that removal is proper under § 1443. *See* 28 U.S.C. § 1443.

4

In sum, Defendant has not provided facts in his pleading to support the removal of his criminal case from state to federal court under 28 U.S.C. §§ 1442, 1442(a), or 1443. Accordingly, this action will be remanded to state court for lack of subject matter jurisdiction.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Notice of Removal (Doc. No. 1) is **REMANDED** to North Carolina District Court, Mecklenburg County, for further proceedings; and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 17, 2024

Kenneth D. Bell
United States District Judge

5